# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **CURTIS HAMPTON** | ) | |
| | ) | |
| v. | ) | 3-07-CV-1646-N |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Huntsville, Texas, serving a conviction for the offense of robbery.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of guilty to the offense of robbery as charged in the indictment in Cause No. F-99-02660-JS Hampton was placed on a ten-year term of deferred adjudication probation on April 6, 2000. Although he filed a notice of appeal, he subsequently moved to withdraw his appeal which was granted by the intermediate appellate court.

Thereafter, the State filed a motion and an amended motion to revoke probation. Following

a hearing on the motion the trial court revoked the term of probation and sentenced Petitioner to a term of 25 years in prison. He appealed the conviction which was affirmed by the Fifth Court of appeals at Dallas in an unpublished opinion filed on December 13, 2002. No petition for discretionary review as filed, but on June 26, 2003, he filed an art. 11.07 application in the trial court which was denied by the Texas Court of Criminal Appeals on September 12, 2007.

In response to the petition and the court's show cause order Respondent has filed his answer asserting that relief on these claims based upon conduct which occurred in the course of proceedings in which Hampton was placed on deferred adjudication probation in April 2000 is time barred. As to claims based upon the revocation of Petitioner's probation, he argues that the same are without merit. Respondent has also submitted copies of Petitioner's prior state proceedings.

**Findings and Conclusions**: The court first addresses Respondent's limitations defense. Hampton's second, third and fourth grounds for relief all relate to circumstances surrounding the entry of his plea of guilty on April 6, 2000. 28 U.S.C. § 2244 (d)(1) imposes a one-year limitation period within which a state prisoner may seek federal habeas corpus relief. § 2244 (d)(1)(A) through (D) identify four dates which trigger commencement of the one-year term. The only one applicable in the present case is the date on which the judgment at issue became final, to wit: (d)(1)(A). Under the law of this Circuit an order of deferred adjudication is a final judgment for the purposes of this subdivision of § 2244. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). Although Hampton filed a notice of appeal from the order of deferred adjudication and was appointed counsel on appeal, he subsequently filed a motion to withdraw his notice of appeal on June 22, 2000, which was granted by the Fifth Court of Appeals at Dallas on June 29, 2000, as reflected in the mandate issued on July 6, 2000. Therefore the latest day on which the one-year period could have begun to

2

run was July 30, 2000.

It is clear from the record that the first collateral attack on the order placing Hampton on deferred adjudication probation in No. 99-02660-JS was his art. 11.07 application filed in the convicting court on June 26, 2003, nearly two years after the one-year limitation period had expired. *See* Application No. 58,194-03 [Writ No. W99-92660-S(A)] at 002. Hampton has offered no excuse or explanation which warrants application of equitable tolling. Therefore relief on these grounds is time barred.

Revocation of his deferred adjudication probation took place on March 15, 2002, and did not become final until January 12, 2003 - thirty days after the Fifth Court of Appeals affirmed the judgment revoking the probated sentence and the time for filing a petition for discretionary review expired. The one-year limitation period began to run on January 13, 2003, but was tolled on June 26, 2003, when Petitioner's art. 11.07 application was filed. *See* § 2244 (d)(2). It recommenced to run on September 13, 2007, the day after the Court of Criminal Appeals denied his habeas corpus application. He filed his § 2254 petition on September 19, 2007, the date he signed it and presumably placed it in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Therefore his claims related to the revocation of his probation are timely filed. His specific claims are set out in the memorandum which he filed contemporaneously with his petition at pages 4-9.

He first claims that his attorney failed to present the testimony of individuals who would refute the claimed violations of the conditions of his probation alleged in the amended motion to revoke probation. *See State v. Hampton*, No. 05-02-604-CR [F-99-02660-JS] Record Vol. One at 29-30. However, he fails to identify any persons who could have presented evidence which controverted the testimony of Carol Farrelly, a community supervision corrections officer, presented

at the revocation hearing on March 15, 2002. Hampton's conclusory claim that unidentified persons could have presented evidence casting doubt on her testimony fails to present a cognizable claim for relief. Moreover, in order to satisfy the prejudice prong of the *Strickland*[1] test, Petitioner would have to show specifically what uncalled witnesses *could* have testified to, and also that they *would* have testified at the revocation hearing. *See e.g. Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (quoting *Alexander v. McCotter*), 775 F.2d 596, 602 (5th Cir. 1985).

Hampton finally claims that the evidence was insufficient to establish that he violated the conditions of probation identified in the State's amended motion to revoke probation, *supra*. The record conclusively refutes this claim. *See* Testimony of Carol Farrelly and that of David Miller. No. F-99-02660-JS, Statement of Facts, Revocation Hearing on March 15, 2002. Insofar as he claims that the State failed to prove his violations by a preponderance of the evidence, this ground presents an issue of state law only. *See e.g. Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). A federal constitutional claim is raised only if the revocation of his probation term is "totally devoid of evidentiary support," which clearly is not the case under the present record. *Accord, see e.g. Simpson v. Ortiz*, 995 F.2d 606, 608 (5th Cir. 1993) (extreme deference owed to United States Parole Commission conclusions, which are reviewed only to determine "whether there is 'some evidence' in the record to support the decision," citing *Maddox v. United States Parole Commission*, 821 F.2d 997, 1000 (5th Cir. 1987). The evidence presented at Hampton's revocation hearing established that he was caught "red-handed" committing theft on January 1, 2002.

**RECOMMENDATION**:

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (prejudice requires that attorney error be so serious as to render the proceedings unfair or the result unreliable).

4

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 5th day of June, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.